IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
FEB 01 2017
U.S. DISTRICT COURT
ELKINS WV 26241

**Sean L. Hagins,**
Petitioner,

v.

Case No: 5:17cv13
Stamp
Seibert
Williams

**S. Kallis, FCI Warden,**
Respondent.

## Habeas Corpus Petition Under 28 U.S.C. § 2241

NOW COMES, Sean L. Hagins, (hereinafter "Petitioner") by way of pro-se representation, hereby submits the instant petition in support of his application under 28 U.S.C. § 2241.

In support thereof, it is stated:

In light of the United States Supreme Court supervening decision in **Mathis v. United States**, 136 S.Ct. 2243, 195 L.Ed. 2d 604 (2016) and also see **Chang-Cruz v. A.G. United States**, 2016 U.S. App. Lexis 15566 (3rd Cir. 2016) that seriously undermined the continued validity of this judgment in the present case. The Petitioner further asserts that he is actually innocent of his predicate offense under 4B1.1 (**Career Offender**) which adopts the definition of controlled substance offense that is used in the United States Sentencing Guidelines.

## Legal Authority

Petitioner now proceeds in his habeas corpus petition to challenge his predicate offense and the execution of his sentence. see, **Mathis v. United States**, No. 15-6092 decided June 23, 2016 and also **Chang-Cruz v. A.G. United States**, 2016 U.S. App. Lexis 15566 (3rd Cir. 2016). The Petitioner respectfully asserts that his prior conviction under **Mathis** and **Chang-Cruz** no longer qualifies as a predicate offense. The Petitioner points out that the Fourth Circuit in **United States v. Persaud**, 2014 U.S. App. Lexis 24877 (4th Cir. May 7, 2014). The Government filed

a brief in support of Persaud's petition, arguing that the district court erred in concluding that the savings clause does not permit him to seek relief under Section 2241 purely because he challenges his sentence rather than his conviction. The Supreme Court vacated the Fourth Circuit judgment and remanded for further consideration in light of the position asserted by the Solicitor General in his brief. see **Persaud v. United States**, 134 S.Ct. 1023, 188 L.Ed. 2d (2014).

## Relevant Facts

At sentencing, the District Court determined that Petitioner's two prior convictions for possession of cocaine with intent to distribute within 1000 feet of a school qualified him as a career offender. The Petitioner points out that the New Jersey Stat. Ann. **2C:35-7(a)**, which prohibits any violation of N.J. Stat. Ann. 2C:35-5 by **distributing, dispensing,** or possessing with intent to distribute a controlled dangerous substance on or within 1000 feet of "school property used for school purposes...or a school bus".

**Petitioner's New Jersey State Indictment reads as follows:**

> Count 3, Possession of a controlled dangerous substance with intent to distribute on or near school property.
>
> The Grand Jurors of the State of New Jersey, for the County of Mercer, upon their oaths present that **Sean Hagins**, on or about the 22nd day of November 1989, in the City of Trenton in the County aforesaid, and within the jurisdiction of this Court, did within one thousand feet of school property, namely the Our Lady of Divine Shepherd School, 42 Pennington Avenue, **knowingly** or **purposely possess** or have under his control with intent to distribute a dangerous substance, to wit: cocaine, in a quantity of less than one-half ounce, including any adultants or dilutants, contrary to the provisions of N.J. S. 2C:35-7; 2C:35-5a(1); 2C:35-5b(3) and against the peace of this State, the Government and dignity of the same.

It should be noted that Petitioner's judgment of conviction indicated that he was convicted of **knowingly** or **purposely possess** of CDS with intent to **Distribute** on or near school property (cocaine). The Petitioner points out that his New Jersey state indictment lacks one of the alternative means of commission, **Dispensing**, which is listed in the N.J. Stat. **2C:35-7(a)** as noted above that was replaced with the means of **knowingly** or **purposely possess**. see, Attachments N.J. State Indictment and Judgment of Conviction.

This initial determination is critical to the analysis. The modified categorical approach allows the Court to examine approved documents, including an indictment, to determine which "statutory alternative" is implicated by the pred-

icate offense. see, **Chang-Cruz v. A.G. United States**, 2016 U.S. App. Lexis 15566 (3rd Cir. 2016) quoting **Descamps v. United States**, 133 S. Ct. 2276, 2284-85 L.Ed. 2d 438 (2013). As noted, the modified approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing offense elements in the alternative, renders opaque which elements played a part in the conviction. **Descamps**, 133 S.Ct. 2276 at 2283, 186 L.Ed. 2d 438. The use of disjunctive language will not necessarily render a statute divisible, however. Rather, if a statute merely contains alternative means of satisfying a single element, and not alternative elements, the statute is not divisible. see, **Chang-Cruz** and also see **United States v. Andrade-Calderon**, 2016 U.S. App. Lexis 2926 at 1 (9th Cir. 2016) finding that a defendant has been convicted under a state statute that sets out, in the alternative, several forms of committing an offense. A statute is indivisible when the jury need not agree on anything past the fact that the statute was violated. **Rendon v. Holder**, 764 F.3d 1077, 1085 (9th Cir. 2014). "Any statutory phrase that explicitly or implicitly refers to multiple alternative means of commission must still be regarded as indivisible if the jurors need not agree on which means of committing the offense the defendant used." Id. Thus, mere use of the disjunctive "or" in the definition of a crime does not automatically render it divisible. **Omargharib v. Holder**, 775 F.3d 192, 194 (4th Cir. 2014). Only when the law requires that in order to convict the Petitioner the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute should the Court be able to conclude that the statute contains alternative elements and not alternative means. **Rendon, 764 F.3d at 1086** and also see **Chang-Cruz**. Accordingly, although New Jersey Stat. Ann's 2C:35-7(a) refers to alternative means of commission.

Under the categorical approach, the court looks only to the fact of conviction and the statutory definition of the offense. **James v. United States**, 550 U.S. 192, 202, 127 S.Ct. 1586, 167 L.Ed. 2d 532 (2007) overruled on other grounds. **Johnson v. United States**, 135 S.Ct. 2551, 192 L.Ed. 2d 569 (2015) and also see **Mathis v. United States**, 15-6092 (2016). The court does not consider the particular facts disclosed by the record of conviction. The point of the categorical inquiry is not to determine whether the Petitioner's conduct could support a conviction for a controlled substance offense, but to determine whether the Petitioner was in fact convicted of a crime that qualifies as a controlled substance offense. **Mathis v. United States**, 136 S.Ct. 2243, 195 L.Ed. 2d 604 (2016) and also see

**Chang-Cruz v. A.G. United States**, 2016 U.S. App. Lexis 15566 (3rd Cir. 2016).

To determine whether Petitioner's 1989, 2005 convictions are controlled substance offenses, the Court must apply a three-step process set forth in **Descamps**. First, by comparing the elements of the state offense to the elements of the generic offense defined by federal law. **Lopez-Valencia v. Lynch**, 798 F.3d 863, 867 (9th Cir. 2015) if the elements of the state crime are the same as or narrower than the elements of the federal offense, then the state crime is a categorical match and every conviction under that statute qualifies as a drug trafficking offense. Secondly, if the statute criminalizes conduct that goes beyond the elements of the federal offense, that is to say, if the statute is overbroad, then the court must determine whether the statute is "divisible or indivisible". Id at 867-68. As noted, if the statute is indivisible, the court's inquiry ends, because a conviction under an indivisible, overbroad statute can never serve as a predicate offense. Id at 868. Third, if the statute is both overbroad and divisible, the Court must apply the "modified categorical approach." Id. In such case, "the Court would examine certain documents from the Petitioner's record of conviction to determine what elements of the divisible statute he was convicted of violating."

The Petitioner brings to the Court's attention that the Guidelines define controlled substance offense, in turn, as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ...or the possession of a controlled substance...with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. 4B1.1 application note 1. As noted under New Jersey Stat. Ann. § 2C:35-7(a) which prohibits any "violation of N.J. Stat. Ann. § 2C:35-5 by **distributing, dispensing,** or possessing with intent to distribute a controlled **dangerous** substnace" on or within **1000 feet of school property** used for **school purposes**...or a **school bus**."

Section 2C:35-7(a) of the New Jersey statute cannot categorically be a controlled substnace offense because it criminalizes conduct that is not within the generic guidelines offense. Applying the above test, the Court will identify that "on or within 1000 feet of school property used for school purposes...or a school bus", falls outside the scope of the **Career Offender** enhancement under 4B1.1. It should be noted by the Court that Petitioner's New Jersey State indictment lists different elements than the New Jersey Statute 2C:35-7(a). The question is how does the Court do a modified categorical approach under **Chang-Cruz** when no documents

match the New Jersey Statute 2C:35-7(a).

Thus, it appears that Section 2C:35-7 is an overbroad, indivisible statute which cannot serve as a predicate offense to justify Petitioner's Career Offender enhancement under the Guidelines that are defined by the Supreme Court in **Mathis.**

## Jurisdiction And Argument

In the present case, Petitioner's submits that the supervening change in the scope and application of ACCA as articulated by the Supreme Court in **Mathis v. United States**, No 15-6092 indeed constitutes an extraordinary circumstance justifying the Court to allow Petitioner to challenge his Career Offender enhancement pursuant to 28 U.S.C. § 2241, not only because **Mathis** is an intervening change in substantive law that seriously calls whether the Third Circuit decision in **United States v. Hagins** has resulted in a sentence of punishment of the Petitioner for a misapplication of the sentencing guidelines, but also, under circumstances such as present here, would constitute a complete miscarriage of justice.

Turning to the Supreme Court's interpretive decision in **Mathis**, the Court granted certiorari to resolve a conflict among the circuits on whether a state statute displays alternative elements instead of alternative means of committing the same crime. The Supreme Court first explained that the statute is broader than generic burglary which is enumerated as a violent felony in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) see **Mathis, 195 L.Ed. 2d 604, 2016.** The Court next considered how Iowa courts interpret this statute and determined that the different locations are not alternative elements creating separate crimes, but instead are simply alternative means of violating a single locational element. **Mathis** so, the Court concluded, the district court's reliance on a conviction for Iowa burglary cannot be saved by looking to charging papers and considering whether the defendant actually burglarized a building or dwelling: the statute is non-divisible and categorically not a violent felony. see **Mathis, 195 L.Ed. 2d 604.** Petitioner points out that New Jersey General Statute 2C:35-7 is similarly non-divisible and broader than those of the listed generic offenses.

Primarily this is because **Mathis**, just as the Supreme Court's decision in **Begay**, does not express a new role of constitutional law as the Court did in **Apprendi v. New Jersey**, 530 U.S. 466, (2000), rather, **Mathis** merely interpreted a "substantive categorical guarantee accorded by the Constitution" such as a rule prohibiting a certain category of punishment for a class of defendants because of

their status or offense. **Frazer v. South Carolina**, 430 F.3d 696, 704 n.4 (4th Cir. 2005) quoting **Saffle v. Parks**, 494 U.S. 484, 494, 110 S.Ct. 1257, 108 L.Ed. 2d 415 (1990). Accordingly, Petitioner asserts a new rule of statutory construction announced by the Supreme Court in **Mathis**. As noted, a case announces a new rule when it breaks new ground or "**imposes a new obligation on the State of Federal Government.**" **Teague v. Lane**, 489 U.S. 288, 109 S.Ct. 1060, 1070, 103 L.Ed. 2d 334 (1989). The Petitioner asserts that in light of **Mathis** and **Chang-Cruz**, his "unlawfully imposed career offender status infected his entire sentencing proceeding with error, resulting in a sentence that was improperly divorced from his individualized criminal history and offense characteristics." Petitioner contends that § 2255 is ineffective to test the legality of his sentence enhancement because § 2255(h) precludes him from bringing an additional § 2255 petition, and that the intervening change of law requires recourse under the savings clause and § 2241. see, **Brown v. Caraway**, 719 F.3d 583 (7th Cir. 2013) and also see **United States v. Persaud**, 2014 U.S. App. Lexis 24877 (4th Cir. May 7, 2014).

Petitioner is relying on **Davenport** and **Brown** in the Seventh Circuit that he can challenge his conviction or sentence pursuant to 28 U.S.C. § 2241 if the Petitioner can establish that § 2255 presents an inadequate or ineffective remedy. **In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998)** and also see **Brown v. Caraway**, 719 F.3d 583, 586 (7th Cir. 2013). This Circuit has explained that, in order to fit within the savings clause following **Davenport**, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that case must apply retroactively. Third, he must demonstrate that there has been a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. **Brown, 719 F.3d at 586.**

In recent collateral challenges based on **Mathis** the Court will find that two of the conditions are clearly satisfied. **In re Jones, 226 F.3d at 333-34.** Because as noted, **Mathis** was not a constitutional case, but a statutory interpretation case, thus satisfying both **Jones** and **Davenport's** first consideration and that there, the prisoner could not have invoked **Mathis** in his first section 2255 motion either, because **Mathis** had not yet been decided. Petitioner points out that he cannot meet the second requirement under the Jones test, but Petitioner does not claim to be innocent of the crime of which he was convicted. **Bousely** and **Davis** hold that relief is available to a person stuck in prison for an act that the

law does not make criminal. Petitioner is not remotely in that fix. The Petitioner points out as noted, the Seventh Circuit reversed, finding that **Brown's** petition had satisfied the three conditions to fall within the savings-clause exception and was, therefore, properly heard under § 2241. First, **Brown** relied on a case of statutory interpretation (rather than a constitutional case, which would have satisfied one of the conditions for a successive challenge under § 2255(h). Id at 586-87. Second, the case was retroactive and could not have been invoked in his original petition. Finally, this Court determined that the error **Brown** complained of was sufficiently grave to be "deemed a miscarriage of justice" or, put another way, a "fundamental defect" corrigible in habeas corpus proceedings. Id at 586. Here, for all the reasons explained in **Brown**, a fundamental defect that results in a complete miscarriage of justice. **719 F.3d at 586**. The Supreme Court has already determined in **Mathis** that a sentence based on the ACCA enhancement which, in turn, incorrectly relied on a legal nullity is otherwise subject to collateral attack because it is a fundamental defect that results in a complete miscarriage of justice. see **Surrett, 797 F.3d 240** reh'g en banc granted (Dec 2, 2015) and also see **at 269-76 (Gregory J. dissenting)**. Like **Mathis'** sentence, Petitioner's sentence was based on the Career Offender enhancement, which was wrongly applied to him because the sentencing court relied on a legal nullity to find the enhancement applicable. So, like **Mathis'** sentence, Petitioner's sentence must also be a fundamental defect that results in a complete miscarriage of justice and therefore otherwise subject to collateral attack under 28 U.S.C. § 2241.

## Conclusion

Based on the above, records and files of this case, Petitioner respectfully requests this Honorable Court in light of the Supreme Court's interpretive decision in **Mathis v. United States**, No 15-6092 decided June 23, 2016.

Wherefore, for all the foregoing reasons, Petitioner respectfully requests this Honorable Court to carefully consider his petition for Habeas Corpus under § 2241 and to grant further relief in this case to which the Court may deem Petitioner is justly entitled.

Dated:

Respectfully submitted,

Sean Hagin 1-29-17