SUPERIOR COURT OF NEW JERSEY

LAW DIVISION   MERCER COUNTY

CRIMINAL

SUPERIOR COURT OF N. J.
MERCER COUNTY
FILED
JUL 26 1991

DEPUTY CLERK
OF SUPERIOR COURT

STATE OF NEW JERSEY

vs.

SEAN HAGINS

Defendant.

MOTION FOR DISMISSAL

OF INDICTMENT 90-05-0767-I
FILE NO. 89-3121

COUNTS I AND II ONLY

Paul T. Koenig, Jr., Mercer County Prosecutor, respectfully moves for the dismissal of Indictment Number 90-05-0767-I charging the defendant, in the above captioned cause, with

POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE, COUNT I;

POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE WITH INTENT TO DISTRIBUTE, COUNT II

upon the following grounds: The defendant has pled and been sentenced on Count III of this indictment. No useful purpose would be served by further prosecution of this matter.

_____
MERCER COUNTY PROSECUTOR

IT IS SO ORDERED on this 26 day of July, 1991

_____
A.J.S.C.

HON. THOMAS DeMARTIN, J.S.C.
Court Clerk

jr1



SUPERIOR COURT OF N.J.
MERCER COUNTY
FILED
MAY 8 1990

MERCER COUNTY PROSECUTOR
MERCER COUNTY COURT HOUSE
TRENTON, NEW JERSEY
Telephone (609) 989-6305

DEPUTY CLERK
OF SUPERIOR COURT

SUPERIOR COURT OF NEW JERSEY
MERCER COUNTY
LAW DIVISION-CRIMINAL

FILE NO. 89-3123
INDICTMENT NO. 90-05-0767-I

THE STATE OF NEW JERSEY

vs.

SEAN HAGINS

DEFENDANT

STATED SESSION   March 1990

TERM             July 1989

COUNT I
POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE

The Grand Jurors of the State of New Jersey, for the County of Mercer, upon their oaths present that SEAN HAGINS on or about the 22nd day of November, 1989, in the City of Trenton in the County aforesaid, and within the jurisdiction of this Court, did knowingly or purposely possess, actually or constructively, a controlled dangerous substance, to wit: cocaine, contrary to the provisions of N.J.S. 2C:35-10a(1), and against the peace of this State, the Government and dignity of the same.

COUNT II - POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE WITH INTENT TO DISTRIBUTE

The Grand Jurors of the State of New Jersey, for the County of Mercer, upon their oaths present that SEAN HAGINS on or about the 22nd day of November, 1989, in the City of Trenton in the County aforesaid, and within the jurisdiction of this Court, did knowingly or purposely possess or have under his control with intent to distribute a controlled dangerous substance, to wit: cocaine, in a quantity of less than one-half ounce including any adulterants or dilutants, contrary to the provisions of N.J.S. 2C:35-5a(1); 2C:35-5b(3), and against the peace of this State, the Government and dignity of the same.

COUNT III - POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE WITH INTENT TO DISTRIBUTE ON OR NEAR SCHOOL PROPERTY

The Grand Jurors of the State of New Jersey, for the County of Mercer, upon their oaths present that SEAN HAGINS on or about the 22nd day of November, 1989, in the City of Trenton in the County aforesaid, and within the jurisdiction of this Court, did, within one thousand feet of school property, namely, the Our Lady of Divine Shepherd School, 42 Pennington Avenue, knowingly or purposely possess or have under his control with intent to distribute a controlled dangerous substance, to wit: cocaine, in a quantity of less than one-half ounce, including any adulterants or dilutants, contrary to the provisions of N.J.S. 2C:35-7; 2C:35-5a(1); 2C:35-5b(3), and against the peace of this State, the Government and dignity of the same.

ENDORSED AS A TRUE BILL:

_Deborah Pratt Phillips_
Foreman

_Paul T. Koenig, Jr._
Mercer County Prosecutor

Municipal Court Docket No.  89-22566-7-8
Report No.  P-9-326-4571

Criminal Practice

| State of New Jersey | New Jersey Superior Court |
|---|---|
| v. | L-96 Mercer County |
| Sean L. Hagins | Law Division – Criminal |
| Defendant (Specify Complete Name) | ☐ Judgment of Conviction |
| | ☒ Order for Commitment |

| 623475-B | S.B.I # | | |
|---|---|---|---|
| 11/22/89 | DATE OF ARREST | ADJUDICATION BY: | DATE |
| 5/8/90 | DATE INDICTMENT FILED | ☒ GUILTY PLEA | 4/30/91 to Ct.3 |
| 6/7/90 | DATE OF ORIGINAL PLEA | ☐ JURY TRIAL | |
| ☒ NOT GUILTY ☐ GUILTY | ORIGINAL PLEA | ☐ NON-JURY TRIAL | |

**ORIGINAL CHARGES**

| Indictment No. | Count | Description | Degree | Statute |
|---|---|---|---|---|
| 90-05-0767 | 1 | Possession of CDS (cocaine) | | 2C:35-10a(1) |
| | 2 | Possession of CDS With Intent to Distribute (cocaine) | | 2C:35-5a(1); 2C:35-5b(3) |
| | 3 | Possession of CDS With Intent to Distribute on or near School Property (cocaine) | 3 | 2C:35-7;2C;35-5a(1); 2C:35-5b(3) |

**FINAL CHARGES**

Ct.3

It is, therefore, on  7/26/91   ORDERED and ADJUDGED that the defendant is sentenced as follows:

Under Ct.3-Possession of CDS With Intent to Distribute on or near School Property (cocaine) - 2C:35-7;2C:35-5a(1);2C;35-5b(3) - Commissioner Department of Corrections 4 years. Minimum parole eligibility 2 years.
Forfeiture $221.00
Cts.1,2 dismissed.
Ind.90-05-0767 Dismissed - SBI-above - Date of arrest-12/18/89-Ind.filed-8/16/90
Original Plea - NG Ct.1

☒ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

☒ Defendant is to receive credit for time spent in custody.  _____  11/22/89 to 11/27/89
TOTAL NO DAYS                           DATES (From / To)

CDC 4 yrs,                              4/29/91 to date rec at
                                        DATES (From / To)    Inst..

Administrative Office of the Courts                    (OVER)              CPO 108 (REV 3/89) Replaces LR 34 & LR 35

State of New Jersey v. Sean L. Hagins    SBI # 623475-B – Ind. 90-05-0767

| | |
|---|---|
| If the offense occurred on or after January 9, 1986, a penalty of $30 is imposed on each count on which the defendant was convicted unless the box below indicates a higher penalty pursuant to N.J.S.A 2C:43-3.1. (Penalty is $25 if offense is before January 9, 1986, unless a higher penalty is noted.) | If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C. |
| ☐ Penalty imposed on count(s) _____ is $ _____ each. | 1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.) |
| Total VCCB Penalty $ 30.00 | ___ 1st Degree @ $3000    ___ 4th Degree @ $750 |
| | ___ 2nd Degree @ $2000    ___ Disorderly Persons or Petty |
| | XX 3rd Degree @ $1000    ___ Disorderly Persons @ $500 |
| | Total D.E.D.R. Penalty $ 1000 |
| Total FINE $ _____ | ☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program. |
| Total RESTITUTION $ _____ | 2) A mandatory driver's license suspension of 6 months is ORDERED. |
| | The suspension shall begin today, _____ and end _____ . |
| | Driver's License Number  Not submitted |
| | (IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.) |
| | Defendant's Address  Southard St., Trenton, N.J. |
| ☐ Installment payments are due at the rate of $ _____ per _____ beginning _____ (DATE) | Eye Color  N/A   Sex  M   Date of Birth  9/29/71 |
| | ☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's license # _____ |
| | ☐ Your non-resident driving privileges are hereby revoked for _____ Months. |
| | 3) A forensic laboratory fee of $50 per offense is ORDERED.  ___ Offenses @ $50. |
| | Total LAB FEE $ 50 |

| NAME (Court Clerk or Person who prepares this form) | NAME (Attorney for Defendant at Sentencing) |
|---|---|
| George Depue, Clerk-989-6462 | E. Austin Belmont, P.D. |

**STATEMENT OF REASONS**

AGGRAVATING FACTORS:

1. The risk that defendant will commit another offense.
2. The need for deterring defendant and others from violating the law.

MITIGATING FACTOR:

1. The imprisonment of defendant will entail excessive hardship to himself and to his dependants.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| THOMAS DeMARTIN, J.S.C. | /s/ | 7/26/91 |

Administrative Office of the Courts                           CP0103 (REV-3/90) Replaces LR-34 & LR-35

cc CHIEF PROBATION OFFICER, AOC STATISTICAL SERVICES, DEPARTMENT OF CORRECTIONS or COUNTY PENAL INSTITUTION

PLEA FORM

DEFENDANT'S NAME  JEAN HAGINS   before JUDGE  Thomas DeMartin   County  Mercer

1. List the charges to which you are pleading guilty:

| Ind./Acc./Compl.Num. | Count | Nature of Offense | Degree | STATUTORY MAXIMUM Time | Fine | VCCB Penalty* |
|---|---|---|---|---|---|---|
| 90-05-0767-I | 3 | PWI "Z" | 3° MAX | 3-5 y/6 | 100,000 | 30 |
| | | | MAX | | | |
| | | | MAX | | | |
| | | | MAX | | | |
| | | | MAX | | | |

SUPERIOR COURT OF N.J. MERCER COUNTY FILED APR 30 1991

Your total exposure as a result of this plea is:     TOTAL  3-5/00  10,000  $30

PLEASE CIRCLE APPROPRIATE ANSWER

2.   a.   Did you commit the offense(s) to which you are pleading guilty?   [YES] [NO]
     b.   Do you understand that before the judge can find you guilty, you will have to tell the judge what you did that makes you guilty of the particular offense(s)?   [YES] [NO]

3.   Do you understand what the charges mean?   [YES] [NO]

4.   Do you understand that by pleading guilty you are giving up certain rights? Among them are:
     a.   The right to a jury trial in which the State must prove your guilt beyond a reasonable doubt?   [YES] [NO]
     b.   The right to remain silent?   [YES] [NO]
     c.   The right to confront the witnesses against you?   [YES] [NO]

5.   Do you understand that if you plead guilty,
     a.   You will have a criminal record?   [YES] [NO]
     b.   Unless the plea agreement provides otherwise, you could be sentenced to serve the maximum time in confinement, to pay the maximum fine and to pay the maximum VCCB penalty?   [YES] [NO]
     c.   You must pay a minimum Violent Crimes Compensation penalty of $30 for each count to which you plead guilty?  ($25 if crime occurred before 1/9/86)   [YES] [NO]

6.   Do you understand that <u>the court could</u> in its discretion impose a minimum time in confinement to be served before you become eligible for parole, which period could be as long as one half of the period of the custodial sentence imposed?   [YES] [NO]

7.   Did you enter a plea of guilty to any charges <u>that require</u> a mandatory period of parole ineligibility or a mandatory extended term?   [YES] [NO]
     a.   If you are pleading guilty to such a charge, the minimum mandatory period of parole ineligibility is  3   years and _____ months (fill in number of years/months) and the maximum period of parole ineligibility can be _____ years and _____ months (fill in number of years/months) and this period cannot be reduced by good time, work, or minimum custody credits.

8.   Are you pleading guilty to a crime that contains a presumption of imprisonment which means that it is almost certain that you will go to state prison?   [YES] [NO]

9.   Are you presently on probation or parole?   [YES] [NO]
     a.   Do you realize that a guilty plea may result in a violation of your probation or parole?   [YES] [NO] [N/A]

Defendant's Initials  X  S H

*Violent Crimes Compensation Board Penalty

White-County Clerk, Green-Defense Atty., Canary-Defendant, Pink-Prob. Dept., Goldenrod-File

10. Are you presently serving a custodial sentence on another charge? [YES] [NO]___
    a. Do you understand that a guilty plea may affect your parole eligibility? [YES] [NO] [N/A]___

11. Do you understand that if you have plead guilty to, or have been found guilty on other charges, or are presently serving a custodial term and the plea agreement is silent on the issue, the court may require that all sentences be made to run consecutively? [YES] [NO] [NA]___

12. List any charges the prosecutor has agreed to recommend for dismissal:

    | Ind./Acc./Compl.# | Count | Nature of Offense and Degree |
    |---|---|---|
    | 90-05-0767I | 1 | POSS CDS 3⁰ |
    |  | 2 | PWI 3⁰ |
    | 90-08-1279I |  | Crim Att Burglary 3⁰ |

13. Specify any sentence the Prosecutor has agreed to recommend.
    "NO REC, MAX $ 4 yrs $ & 2 yrs MPE-

14. Has the Prosecutor promised that he or she will NOT:
    a. Speak at sentencing? [YES]__ [NO]
    b. Seek an extended term of confinement? [YES]__ [NO]
    c. Seek a stipulation of parole ineligiblity? [YES]__ [NO]

15. Are you aware that you may be ordered to pay restitution? [YES] [NO]__ [N/A]

16. Do you understand that if you are a public office holder or employee, you can be required to forfeit your office or job by virtue of your plea of guilty? [YES] [NO] [N/A]__

17. Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty? [YES] [NO] [N/A]__

18. Have you discussed with your attorney the legal doctrine of merger? [YES] [NO] [N/A]__

19. Are you giving up your right at sentence to argue that there are charges you pleaded guilty to for which you cannot be given a separate sentence? [YES] [NO] [N/A]__

20. List any other promises or representations that have been made by you, the prosecutor, your defense attorney, or anyone else as a a part of this plea of guilty: ___
    Forfeit # 2-21 00

Defendant's Initials X SH

21. Have any promises other than those mentioned on this form, or any threats, been made in order to cause you to plead guilty? [YES] [NO]

22. a. Do you understand that the judge is not bound by any promises or recommendations of the prosecutor and that the judge has the right to reject the plea before sentencing you and the right to impose a more severe sentence? [YES] [NO]

   b. Do you understand that if the judge decides to impose a more severe sentence than recommended by the prosecutor, that you may take back your plea? [YES] [NO]

   c. Do you understand that if you are permitted to take back your plea of guilty because of the judge's sentence, that anything you say in furtherance of the guilty plea cannot be used against you at trial? [YES] [NO]

23. Are you satisfied with the advice you have received from your lawyer? [YES] [NO]

24. Do you have any questions at all concerning this plea? [YES] [NO]

DATE: 30 April 91           X _Sean Hoggins_
                                    Defendant

DEFENSE ATTORNEY  E. Austin Belcunts

PROSECUTOR  _Oris M. Salushi_

[ ] This plea is the result of the judge's conditional indications of the maximum sentence he/she would impose independent of the prosecutor's recommendation. Accordingly, the "Supplemental Plea Form for Non-Negotiated Pleas" has been completed.

SUPPLEMENTAL PLEA FORM

FOR DRUG OFFENSES

The following additional questions need to be answered only if you are pleading guilty pursuant to an offense under N.J.S.A. 2C:35-1 et seq. or N.J.S.A. 2C:36-1 et seq.

24. Have you and the Prosecutor entered into any agreement to provide for a lesser sentence or period of parole ineligibility than would otherwise be required? (If yes, be sure to include in questions 12 and 13 above.)  [YES]  [NO]

25. Do you understand that if you plead guilty

   a. You will be required to forfeit your drivers license for a period of time from __6__ to 24 months?  [YES]  [NO]

   b. You will be required to pay a forensic laboratory fee of $50 for each offense for which you plead guilty?  [YES]  [NO]

   c. You will be required to pay a mandatory drug enforcement and demand reduction (D.E.D.R.) penalty as listed below for each offense for which you plead guilty?  [YES]  [NO]

   The mandatory penalties are as follows:

   (1) $3,000 in the case of a 1st degree crime

   (2) $2,000 in the case of a 2nd degree crime

   (3) $1,000 in the case of a 3rd degree crime

   (4) $ 750 in the case of a 4th degree crime

   (5) $ 500 in the case of a disorderly persons or petty disorderly persons offense

   TOTAL D.E.D.R. Penalty  $1000.00

DATE: 30 April 91
DEFENSE ATTORNEY: E. Austin Belvuenz
PROSECUTOR: [signature]
DEFENDANT: [signature] Sean Hagan

| State of New Jersey v. | | New Jersey Superior Court Law Division – Criminal Mercer County |
|---|---|---|
| Defendant: (Specify Complete Name) | Sean Hagins a.k.a. Baysean Hagins a.k.a. Charles H. Smith a.k.a. Charles Smith Jr. | ☒ JUDGMENT OF CONVICTION<br>☐ CHANGE OF JUDGMENT<br>☐ ORDER FOR COMMITMENT<br>☐ INDICTMENT / ACCUSATION DISMISSED<br>☐ JUDGMENT OF ACQUITTAL |
| DATE OF BIRTH | 9/29/71    SBI NUMBER   623475B | |
| DATE OF ARREST | 1/15/04    DATE INDICTMENT/ACCUSATION FILED   10/12/05 | |
| DATE OF ORIGINAL PLEA | 11/28/05    ORIGINAL PLEA   ☒ Not Guilty   ☐ Guilty | |
| ADJUDICATION BY | ☒ GUILTY PLEA  DATE: 3/13/06   ☐ NON-JURY TRIAL  DATE:<br>☐ JURY TRIAL  DATE:   ☐ DISMISSED / ACQUITTED  DATE: | |

### ORIGINAL CHARGES

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| Ind:05-10-0168-S | 1 | Possession of a Controlled Dangerous Substance with Intent to Distribute | 3rd | 2C:35-5a(1); 2C:35-5b(3) |
| File No: 04 0175 | 2 | Possession of a Controlled Dangerous Substance with Intent to Distribute within 1,000 Feet of School Property | 3rd | 2C:35-5a; 2C:35-7 |
| | 3 | Possession of a Controlled Dangerous Substance with Intent to Distribute within 500 Feet of Certain Public Property | 2nd | 2C:35-5a; 2C:35-7.1 |

### FINAL CHARGES

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 1 | Possession of a Controlled Dangerous Substance with Intent to Distribute | 3rd | 2C:35-5a(1); 2C:35-5b(3) |

It is, therefore, on 5/19/06 ORDERED and ADJUDGED that the defendant is sentenced as follows:

Probation for a term of four (4) years conditioned upon: successful completion of long-term inpatient drug treatment program (Salvation Army); random drug testing; compliance with any aftercare recommendations; obtain/maintain verifiable full-time employment.

Counts 2 and 3 - DISMISSED.

Forfeit - $1,359.00 seized.

*A True Copy - Sue Regan, Deputy Clerk of Superior Court*

☐ The defendant is hereby sentenced to community supervision for life.
☐ The defendant is hereby ordered to serve a _____ year term of parole supervision which term shall begin as soon as defendant completes the sentence of incarceration.
☐ The court finds that the defendant's conduct was characterized by a pattern of repetitive and compulsive behavior.
☐ The court finds that the defendant is amenable to sex offender treatment.
☐ The court finds that the defendant is willing to participate in sex offender treatment.
☒ The defendant is hereby ordered to provide a DNA sample and ordered to pay the costs for testing of the sample provided.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | TOTAL NUMBER OF DAYS | DATE: (From/To) |
|---|---|---|
| ☒ Defendant is to receive credit for time spent in custody (R. 3:21-8). | 3 | 1/15/04-1/17/04 |
| | | DATE: (From/To) |
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE: (From/To) |
| | | DATE: (From/To) |

| Total Custodial Term | _____ | Institution | _____ | Total Probation Term | 4y |

State of New Jersey v. **Sean Hagins**      S.B.I. # 623475B      Ind / Acc # Ind: 05-10-0168-S

| | |
|---|---|
| Total Fine $_____ | If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C, |
| Total RESTITUTION $_____ | 1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.) |
| If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.) | ____ 1st Degree @ $3000   ____ 4th Degree @ $750<br>____ 2nd Degree @ $2000   ____ Disorderly Persons or Petty<br>X 3rd Degree @ $1000   Disorderly Persons @ $500<br><br>Total D.E.D.R. Penalty $1,000.00 |
| ☒ Assessment imposed on count(s) 1 is $50.00 each. | ☐ Court further Orders that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.<br>2) A forensic laboratory fee of $50 per offense is ORDERED. 1 Offenses @ $50.<br><br>Total Lab Fee $50.00 |
| Total VCCB Assessment $50.00 | 3) Name of Drugs involved cocaine |
| Installment payments are due at the rate of<br>$50.00 per month<br>beginning 7/1/06<br>(Date) | 4) A mandatory driver's license suspension of 6 months is ORDERED.<br>The suspension shall begin today, 5/19/06 and end _____.<br>Driver's License Number _____<br>(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)<br>Defendant's Address 230 Spring Street, Trenton, NJ 08618<br>Eye Color _____   Sex m   Date of Birth 9/29/71<br>☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____. Driver's License Number _____<br>☐ Defendant's non-resident driving privileges are hereby revoked for _____ months. |

If the offense occurred on or after February 1, 1993 but was before March 13, 1995 and the sentence is to probation or to a state correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169). If the offense occurred on or after March 13, 1995 and the sentence is to probation, or the sentence otherwise requires payments of financial obligations to the probation division, a transaction fee of up to $2.00 is ordered for each occasion when a payment is made. (P.L. 1995, c. 9).

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c.220) $75.00

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month $10.00.

If the crime occurred on or after January 9, 1997, a $30 Law Enforcement Officers Training and Equipment Fund penalty is ordered. $30.00

If the crime occurred on or after May 4, 2001, and the defendant has been convicted of aggravated sexual assault, aggravated criminal sexual contact, kidnapping under 2C:13-1c(2), endanger the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of a minor under 2C:24-4a, endangering the welfare of a child pursuant to 2C:24-4b(4), luring or enticing a child pursuant to 2C:13-6, criminal sexual contact pursuant to 2C:14-3b if the victim is a minor, kidnapping pursuant to 2C:13-1, criminal restraint pursuant to 2C:13-2 or false imprisonment pursuant to 2C:13-3 if the victim is a minor and the offender is not the parent, promoting child prostitution pursuant to 2C:34-1b(3) or (4), or an attempt to commit any of these crimes, a $800 Statewide Sexual Assault Nurse Examiner Program Penalty is ordered for each of these offenses.

| Name (Court Clerk or Person preparing this form)<br>Donna Duffy | Telephone Number<br>(609) 571-4021 | Name (Attorney for Defendant at Sentencing)<br>Leroy Carmichael, Esq. |
|---|---|---|

**STATEMENT OF REASONS** – Include all applicable aggravating and mitigating factors

This Defendant appears this date for sentencing on his fourth upper-court conviction. He has six municipal court convictions and two unknown out-of-state dispositions. In sentencing this Defendant in accordance with the negotiated plea agreement, the Court found and weighed the following: AGGRAVATING FACTORS: (3) The risk that the defendant will commit another offense; (6) The extent of the defendant's prior criminal record and the seriousness of the offenses of which he/she has been convicted; (9) The need for deterring the defendant and others from violating the law; MITIGATING FACTORS: (10) The defendant is particularly likely to respond affirmatively to probationary treatment (if conditions are met); (14) The Court is clearly convinced that the aggravating factors substantially outweigh and preponderate over the mitigating factors, but will sentence in accordance with plea agreement so that Defendant can get treatment.

| Judge (Name)<br>Darlene J. Pereksta, J.S.C. | Judge (Signature) | Date 6/1/06 |
|---|---|---|